**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**MARK I. COX**
Richmond, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**RYAN D. JOHANNINGSMEIER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| BRETT HOLLAND, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 89A01-1403-CR-101 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE WAYNE SUPERIOR COURT
The Honorable Charles K. Todd, Jr., Judge
Cause No. 89D01-1105-FB-32

**November 25, 2014**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**RILEY, Judge**

## STATEMENT OF THE CASE

Appellant-Defendant, Brett Holland (Holland), appeals his conviction for three Counts of dealing in cocaine, Class B felonies, Ind. Code § 35-48-4-1, and his adjudication as a habitual substance offender, I.C. § 35-50-2-10.

We affirm.

## ISSUE

Holland raises one issue on appeal which we restate as follows: Whether the trial court abused its discretion by denying his trial counsel's motion to withdraw on the eve of trial.

## FACTS AND PROCEDURAL HISTORY

On May 24, 2011, the State filed an Information, charging Holland with three Counts of dealing in cocaine, Class B felonies, Ind. Code § 35-48-4-1. On May 24, 2011, the State amended the Information by adding a habitual substance offender charge, I.C. § 35-50-2-10. On November 21, 2011, a court-appointed attorney entered his appearance. However, on June 20, 2013, the appointed attorney filed a motion to withdraw as defense counsel because he had accepted employment with the prosecutor's office. Following this withdrawal, the trial court appointed Attorney Thomas Kemp (Attorney Kemp), who subsequently entered his appearance. On November 10, 2013, after seven continuances, the trial court finally scheduled Holland's hearing for January 14, 2014.

On January 8, 2014, seven days before trial, Holland filed a Notice of Intent to Plead Guilty. Two days later, the trial court held a plea hearing where Holland withdrew his intent to plead guilty after it was explained to him that his sentence could not be suspended and that he would immediately be put in custody. On January 13, 2014, the afternoon before Holland's trial, the trial court received Attorney Kemp's motion to withdraw as defense counsel. In that motion, Attorney Kemp stated that there was a breakdown of communication between him and Holland, and, as such, was incapable of representing Holland. On the morning of Holland's trial, January 14, the trial court first heard Attorney Kemp's motion to withdraw, denied it, and proceeded with Holland's trial as scheduled. A three-day jury trial was conducted from January 14 to January 16, 2014, and at the close of the evidence, the jury found Holland guilty as charged. Thereafter, Holland pled guilty to the habitual substance offender charge. At the February 7, 2014 sentencing hearing, the trial court imposed concurrent sentences of fifteen years each on the three Counts of dealing in cocaine, and enhanced Count I by six years because of the habitual substance offender adjudication.

Holland now appeals. Additional facts will be provided as necessary.

<u>DISCUSSION AND DECISION</u>

Holland contends that the trial court abused its discretion when it denied Attorney Kemp's motion to withdraw. Whether to allow counsel to withdraw is within the trial court's discretion, and we will reverse only "when denial constitutes a clear abuse of discretion and prejudices the defendant's right to a fair trial." *Strong v. State*, 633 N.E.2d

3

296, 300 (Ind. Ct. App. 1994). A trial court may refuse a motion to withdraw if it determines withdrawal will result in a delay in the administration of justice. *Moore v. State*, 557 N.E.2d 665, 668 (Ind. 1990). Further, a defendant must demonstrate that he was prejudiced before we may reverse on this issue. *Bronaugh v. State*, 942 N.E.2d 826, 830 (Ind. Ct. App. 2011), *trans. denied.*

Turning to the facts of the case, the record reveals that the tension between Holland and Attorney Kemp arose shortly after Holland withdrew his guilty plea at the last minute. In his brief, Holland states that not once did Attorney Kemp advise him that he would be remanded to jail if he pled guilty to the drug offenses. According to Holland, he had been informed by "a private attorney in Indianapolis" that the new sentencing laws that were coming into effect on July 1, 2014, would apply retroactively, and would allow for the suspension of his sentence. (Transcript p. 63).

At the hearing on the motion to withdraw, Attorney Kemp stated that he tried to clarify that issue with Holland, but his advice fell on deaf ears. Specifically, Attorney Kemp had explained to Holland that a "person convicted prior to July 1st 2014 under the prior sentencing law would continue to serve [the] same sentences after July 1st 2014." (Tr. p. 63). As such, Attorney Kemp advised Holland that there would have been no retroactive application of the new sentencing laws to his case, and he would be required to serve his sentence as ordered.

In denying Attorney Kemp's motion to withdraw as defense counsel, the trial court stated that even with the conflict, Attorney Kemp was well prepared and ready to proceed

4

in defending Holland's case. Also, the trial court noted that "sometimes when there's communication between a defendant and an attorney and those communications aren't particularly well received by a defendant, it is not uncommon . . . [and], quite frankly, some of the breakdown in communication appears to be—or maybe even largely assigned to— [] Holland." (Tr. p. 69). Here, contrary to Attorney Kemp's alleged conflict that there had been a breakdown in communication between him and Holland, the trial court fully examined the facts underlying the claimed conflict and determined the probable impact on Holland's representation. In light of Attorney Kemp's testimony that he was well prepared on the morning of Holland's trial, the trial court correctly determined that the conflict was not enough to allow counsel's withdrawal, and Holland's defense would not be compromised by Attorney Kemp's continued representation.

Moreover, Holland's case had been pending on the trial court's docket for almost two years. In addition, the fact that Attorney Kemp's motion was made one day before trial was a factor that weighed heavily in favor of denying the motion to withdraw, as withdrawal would have required appointment of new counsel and resulted in a further delay. Lastly, the trial court stated that the jury had already been summoned, and "approximately 65 families' lives [had] been interrupted in some way to bring this matter to trial." (Tr. p. 68). Under the circumstances here, we find that the trial court was within its discretion in determining that Attorney Kemp's withdrawal at the eleventh hour would result in a delay in the administration of justice. *See Moore*, 557 N.E.2d at 668. More significantly, Holland fails to demonstrate that he was prejudiced by Attorney Kemp's

5

continued representation. Although the motion to withdraw stated that Attorney Kemp would not competently represent Holland, Holland fails to point to anything that Attorney Kemp did or did not do while representing him that resulted in prejudice. Based on the foregoing, we cannot say that the trial court abused its discretion in denying Attorney Kemp's motion to withdraw. *See Bronaugh*, 942 N.E.2d at 830

## CONCLUSION

In light of the foregoing, we conclude that the trial court did not abuse its discretion in denying Attorney Kemp's motion to withdraw.

Affirmed.

MATHIAS, J. and CRONE, J. concur